IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-01568-RPM

COLORADO CROSS-DISABILITY COALITION,
a Colorado non-profit corporation, and
DAISY MIDTHUN,

    Plaintiffs,

v.

WOMEN'S HEALTH CARE ASSOCIATES, P.C.,

    Defendant.

---

ORDER DISMISSING AMENDED COMPLAINT

---

Daisy Midthun, a deaf person, is a member of the Colorado Cross-Disability Coalition. On July 1, 2010, she and the Colorado Cross-Disability Coalition filed this action, claiming that Women's Healthcare Associates, P.C. ("WHCA") had violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and part 6 of the Colorado Civil Rights Act, Colo. Rev. Stat. § 24-34-601 *et seq*. Federal jurisdiction is provided by 28 U.S.C. §§ 1331 and 1343 for the federal claims and 28 U.S.C. § 1367 (supplemental jurisdiction) for the state law claim. The plaintiffs request injunctive relief, monetary damages, attorney fees and costs. The amended complaint, filed September 16, 2010, alleges that Ms. Midthun would like to continue receiving services from WHCA, but it refused to provide her with effective communication.

The defendant moved pursuant to Fed.R.Civ.P. 12(b) to dismiss the amended complaint, arguing (1) Ms. Midthun has failed to allege an injury that would give rise to injunctive relief; (2) the Colorado Cross-Disability Coalition lacks standing; (3) Ms. Midthun's claims fail as a matter of law; and (4) the plaintiffs' claim under the Colorado Civil Rights Act is precluded by the failure to exhaust administrative remedies, or if not barred, fails as a matter of law.

It is assumed that the following statements are true.

Plaintiff Daisy Midthun is deaf. Since approximately 1994, Ms. Midthun has been a patient of Women's Healthcare Associates, P.C. ("WHCA"). WHCA is a medical clinic located in Littleton, Colorado, specializing in health care for women, including services related to routine and high-risk obstetrics, infertility treatment and gynecology.

On September 2, 2009, Ms. Midthun contacted WHCA to schedule a medical appointment. During some past appointments, WHCA had provided the services of a sign language interpreter. WHCA's staff had also used handwritten notes to communicate with Ms. Midthun. When Ms. Midthun requested an appointment in September 2009, she asked WHCA to provide a sign language interpreter from a particular agency. Ms. Midthun was familiar with that agency and felt confident that one of its interpreters would provide her with effective communication. She told WHCA that the interpreter previously provided was not able to communicate effectively with her.

WHCA consulted with a lawyer about Ms. Midthun's request. On September 15, 2009, the lawyer sent an email to WHCA, advising WHCA that it was not obligated to use the services of the interpreter agency chosen by Ms. Midthun. A WHCA employee mailed the lawyer's email message to Ms. Midthun and informed her that WHCA would not agree to her request for

a specific interpreter. After that communication, Ms. Midthun did not attempt to schedule appointments with WHCA.

The defendant's motion cites Rule 12(b), without identifying a particular subsection. Rule 12(b)(1) applies to the issue of standing, and Rule 12(b)(6) applies to the remaining issues.

The defendant submitted four exhibits in support of its motion to dismiss. Defendant's Exhibit 1, a multi-page exhibit, is comprised of Ms. Midthun's medical records for services she received from WHCA during the period from June, 1994 through March, 2007, and documentation relating to Ms. Midthun's request in September 2009. Exhibit 1 was filed under seal. Exhibit 2 consists of pages from the Colorado Cross-Disability Coalition's website, and a page from that organization's 2009 Form 990-EZ (tax return of organization exempt from income tax). Exhibits 3 and 4 are copies of unpublished opinions, submitted pursuant to D.C.Colo.L.CivR 7.1.D. Exhibits 1 and 2 are stricken as improperly submitted.

The plaintiffs' first claim for relief alleges that the defendant violated 42 U.S.C. § 12182(a), which provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

Under the ADA, discrimination includes a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently from other individuals because of the absence of auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(c). Examples of "auxiliary aids and services" include:

> Qualified interpreters, notetakers, computer-aided transcription services, written materials, telephone handset amplifiers, assistive listening devices, assistive listening systems, telephones compatible with hearing aids, closed caption decoders, open and closed captioning, telecommunications devices for deaf persons (TDD's), videotext displays, or other effective methods of making aurally delivered materials available to individuals with hearing impairments.

28 C.F.R. § 36.303(b)(1).

To establish her claim under Title III of the ADA, Ms. Midthun must show that (1) she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; (3) the defendant knew or should have known about the plaintiff's disability; (4) the plaintiff required reasonable accommodations in the form of auxiliary aids and services to enjoy the benefits of the defendant's services, and (5) the defendant failed to provide the necessary auxiliary aids and services, which resulted in the plaintiff being excluded, denied services, segregated or otherwise treated differently than other individuals. *See Kerr v. Heather Gardens* Ass'n, 2010 WL 3791484 (D. Colo. Sept. 22, 2010)(citing 42 U.S.C. § 12182(a)-(b); *Roberts v. Royal Atlantic Corp.*, 542 F.3d. 363, 368 (2d Cir. 2008), and *Dahlberg v. Avis Rent a Car Sys.*, 92 F.Supp.2d 1091, 1100 (D.Colo.2000)).

With respect to the plaintiffs' ADA claim, the issue is whether the plaintiffs have sufficiently alleged a denial of services resulting from the defendant's failure to provide appropriate auxiliary aids and services.

The same question is presented with respect to the plaintiffs' third claim for relief, which alleges violation of section 504 of the Rehabilitation Act. That section provides:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a). Regulations promulgated under the Rehabilitation Act provide that recipients of federal financial assistance must furnish "appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question." 45 C.F.R. § 84.52(d)(1).

There is no dispute about the appropriate auxiliary aid. The defendant has provided a sign language interpreter for Ms. Midthun. The plaintiff does not allege that the defendant would refuse to provide interpreter services in the future. The alleged discriminatory conduct is the defendant's refusal to engage the services of an interpreter from a particular agency selected by Ms. Midthun.

The plaintiffs' response brief states, "Plaintiffs have never alleged, and do not now seek the services of a specific interpreter." (Pls.' resp. at 12.) That distinction makes no difference.

The defendant was not obligated to give primary consideration to Ms. Midthun's preference with respect to the employment of an interpreter. "The auxiliary aid requirement is a flexible one. A public accommodation can choose among various alternatives as long as the result is effective communication." 28 C.F.R. pt. 36, App. B (analysis of § 36.303). The appendix to the regulations provides the following guidance:

> Based upon a careful review of the ADA legislative history, the Department believes that Congress did not intend under title III to impose upon a public accommodation the requirement that it give primary consideration to the request of the individual with a disability.

28 C.F.R. pt. 36, App. B (analysis of § 36.303). The Department found that "strongly encouraging consultation with persons with disabilities, in lieu of mandating primary consideration of their expressed choice, is consistent with congressional intent." *Id.*

The selection of an interpreter is to be made by the provider.

The plaintiffs have not alleged any facts to support the assertion that the interpreters previously provided by the defendant were not qualified to provide interpreter services in a medical office. "Qualified interpreter," as defined under the ADA, means "an interpreter who is able to interpret effectively, accurately and impartially both receptively and expressively, using any necessary specialized vocabulary." 28 C.F.R. 36.104 (definitions). That definition focuses on "the actual ability of the interpreter in a particular interpreting context to facilitate effective communication between the public accommodation and the individual with disabilities." 28 C.F.R. pt. 36, App. B (analysis of § 36.104 and the definition of "qualified interpreter".) Effectiveness, accuracy, impartiality, and the ability to use specialized vocabulary are considerations in determining whether an interpreter is "qualified" for a particular interpreting context. *Id.*

Ms. Midthun does not allege that the interpreters provided by the defendant were unable to communicate specialized medical terms or concepts. Ms. Midthun does not allege that she was unable to make herself understood or that the medical advice communicated to her was not comprehensible. There are no factual allegations showing that a lack of auxiliary aids and services prevented Ms. Midthun from participating in her medical treatment. There are no allegations that her medical care was negatively impacted by ineffective communication.

The plaintiffs argue that they have satisfied their pleading burden by that alleging that the sign language interpreters provided by the defendant during past appointments have not provided effective communication for Ms. Midthun. They assert that whether communication was effective is a question of fact, not appropriate for resolution on a motion under Rule 12 or Rule 56.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must include factual allegations that provide a plausible basis for the conclusions pleaded. Formulaic recitation of the elements of the claim do not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). The statutory violations alleged in this case are premised on only conclusory allegations and speculation that future communications will not be effective. The allegations are not sufficient to state a claim under the ADA or the Rehabilitation Act or to show Ms. Midthun's entitlement to injunctive relief.

The Colorado Cross-Disability Coalition has no standing in this action. "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977); *Warth v. Seldin*, 422 U.S. 490, 511(1975). "[W]hether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought." *Warth*, 422 U.S. at 515.

The amended complaint does not describe the nature of the injunctive relief sought by the Colorado Cross-Disability Coalition. The allegations relate only to the defendant's failure to agree to Ms. Midthun's request for the services of a particular interpreter agency. That individual claim fails for the reasons set forth above. The amended complaint does not allege that the defendant has engaged in discriminatory conduct toward any other member of the Colorado Cross-Disability Coalition. Paragraph 41 of the amended complaint alleges that the defendant "maintains and/or engage [sic] in policies, practices and procedures that do not

provide effective communication for patients who are deaf," but there are no factual allegations supporting that conclusion. No class-wide relief would be appropriate on the basis of these allegations.

The plaintiffs' second claim for relief alleges violation of part 6 of the Colorado Civil Rights Act. The court declines to exercise supplemental jurisdiction over that claim.

Accordingly, it is

ORDERED that the plaintiffs' motion to strike exhibit 1 to the defendant's motion to dismiss the amended complaint is granted, and it is

FURTHER ORDERED that the plaintiffs' amended complaint is dismissed.

Dated: October 25, 2010

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge